IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| HEATHCOTT & ASSOCIATES, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:23-cv-01261 |
| ) | Judge Aleta A. Trauger |
| DAVID RUSSELL, RUSSELL ) | |
| CONTRACTING, LLC, and ) | |
| BLUE MOUNTAIN FARMS, LLC, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM**

Before the court is defendant Blue Mountain Farms, LLC's Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, supported by a Memorandum of Law. (Doc. Nos. 20, 20-1.) The plaintiff opposes the motion (Doc. Nos. 30, 30-1), and the defendant has filed a Reply (Doc. No. 34). For the reasons set forth herein, the motion will be granted, and the claim against Blue Mountain Farms, LLC will be dismissed without prejudice.

**I.    LEGAL STANDARDS**

In ruling on a motion to dismiss under Rule 12(b)(6), the court must "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff." *Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016). Federal Rule of Civil Procedure 8(a)(2) requires only that a complaint contain "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). However, "[t]he factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter'

to render the legal claim plausible, *i.e.*, more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

When presented with a Rule 12(b)(6) motion, the court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)). Consideration of extrinsic materials need not convert a motion to dismiss into a motion for summary judgment, "so long as [the materials] are referred to in the complaint and are central to the claims contained therein." *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 681 (6th Cir. 2011) (quoting *Bassett*, 528 F.3d at 430).

A plaintiff is not required to anticipate or plead avoidance of affirmative defenses. *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012). As a result, "[c]ourts generally cannot grant motions to dismiss on the basis of an affirmative defense unless the plaintiff has anticipated the defense and explicitly addressed it in the pleadings." *Est. of Barney v. PNC Bank, Nat. Ass'n*, 714 F.3d 920, 926 (6th Cir. 2013). At the same time, "[t]here is no reason not to grant a motion to dismiss where the undisputed facts conclusively establish an affirmative defense as a matter of law." *Id.* (quoting *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 613 (6th Cir. 2009)); *see also id.* ("[A] motion to dismiss can be premised on an affirmative defense provided that the plaintiff's own allegations show that a defense exists that legally defeats the claim for relief." (internal quotation marks and citation omitted)).

"[W]hen evaluating an affirmative defense in a motion to dismiss, a court must . . . only look to the facts alleged in the plaintiff's complaint, albeit alongside the legal elements of the

affirmative defense raised in the defendant's motion to dismiss." *Goins v. Saint Elizabeth Med. Ctr.*, 640 F.Supp.3d 745, 751 (E.D. Ky. 2022) (citing *Hensley Mfg.*, 579 F.3d at 613). "If the elements of an affirmative defense are met by the factual allegations contained in the complaint, then the district court may grant the motion to dismiss." *Id.*; *see also Kreipke v. Wayne State Univ.*, 807 F.3d 768, 784 (6th Cir. 2015) ("Where an affirmative defense appears 'clearly on the face of the complaint,' however, a court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim.").

**II.    BACKGROUND**

The plaintiff is a commercial contractor located in Dyersburg, Dyer County, Tennessee. It brings suit against David Russell, Russell Contracting, LLC (collectively, the "Russell defendants"), and Blue Mountain Farms, LLC ("Blue Mountain"), asserting that the court has diversity jurisdiction under 28 U.S.C. § 1332, because the amount in controversy is in excess of $75,000.00 and there is complete diversity between the plaintiff and the defendants.

The plaintiff alleges that it was "contracted" by the Russell defendants to perform certain construction work at 991 Ellison Way in Thompson Station, Tennessee "and an adjacent lot," that the plaintiff completed the work during the summer and fall of 2022 in accordance with industry standards and the Russell defendants' instructions, that final payment for the work was due on or before December 1, 2022, that it invoiced the Russell defendants for payment and sent a formal demand letter, and that payment for the work remains due. (Compl., Doc. No. 1 ¶¶ 10–13.)

Based on these allegations, the plaintiff asserts that the Russell defendants breached their contract with the plaintiff by nonpayment and, in addition, have been unjustly enriched as a result of their failure to pay. (*Id.* ¶¶ 15–21.)

The plaintiff also asserts an unjust enrichment claim against Blue Mountain. In support of this claim, it alleges that Blue Mountain is "believed to be the owner of the property located at or

adjacent to 991 Ellison Way," that it "accepted the Plaintiff's work and appreciated its value," that "acceptance of the work without just compensation to the Plaintiff is unjust," and, therefore, that Blue Mountain has been unjustly enriched through the acceptance of the plaintiff's work and the failure to compensate it for that work. (*Id.* ¶¶ 6, 14, 18–21.)

Blue Mountain seeks dismissal of the unjust enrichment claim against it on the basis that (1) the plaintiff has not exhausted its contractual remedies against the Russell defendants; (2) the real estate records for the property at issue establish that Blue Mountain purchased the property (or an interest in the property) for valuable consideration *after* the plaintiff's completion of the work at issue; and (3) the plaintiff has not followed the statutory requirements for preserving or enforcing a lien against Blue Mountain as a subsequent purchaser of the Property. (*See generally* Doc. No. 20-1.)

The plaintiff responds that it was not required to exhaust its remedies against the other defendants before suing Blue Mountain if exhaustion would be futile; that, insofar as Blue Mountain claims to be a *bona fide* purchaser for value, there are factual disputes that bar dismissal as a matter of law under Rule 12(b)(6); and that it does not seek to enforce or preserve a lien and is not required to assert a lien in order to seek recovery based on unjust enrichment. (*See* Doc. No. 30-1.)

The defendant's Reply largely reiterates the arguments made in its initial Memorandum and further asserts that the plaintiff does not dispute that Blue Mountain paid consideration for the property on which the plaintiff performed work and, therefore, that unjust enrichment is not a valid claim against it. (*See* Doc. No. 34.)

## III. DISCUSSION

### A. Legal Standards

Under Tennessee law, the elements of an unjust enrichment claim are: (1) a benefit conferred upon the defendant by the plaintiff; (2) appreciation of such benefit by the defendant; and (3) acceptance of such benefit under such circumstances that it would be inequitable for the defendant to retain the benefit without payment. *Fam. Tr. Servs. LLC v. Green Wise Homes LLC*, 693 S.W.3d 284, 304 (Tenn. 2024) (citing *Freeman Indus., LLC v. Eastman Chem. Co.*, 172 S.W.3d 512, 524 (Tenn. 2005), and *Paschall's, Inc. v. Dozier*, 407 S.W.2d 150, 153–54 (Tenn. 1966)). "Unjust enrichment is a quasi-contractual theory or is a contract implied-in-law in which a court may impose a contractual obligation where one does not exist." *Whitehaven Cmty. Baptist Church v. Holloway*, 973 S.W.2d 592, 596 (Tenn. 1998) (citing *Paschall's*, 407 S.W.2d at 154–55). The "most significant requirement for recovery on quasi contract is that the enrichment be unjust." *Id.* (quoting *Paschall's*, 407 S.W.2d at 155).

It is well established that, "where a materialman or subcontractor furnishes labor or materials which benefit the property of a person with whom there is no privity of contract, an action on *quantum meruit* may lie against the landowner to recover the reasonable value of said labor and materials so furnished." *Paschall's*, 407 S.W.2d at 155. In *Paschall's*, however, the court emphasized that recovery was not available in every such situation, as each case had to be decided "according to the essential elements of quasi-contract." *Id.* Thus, as the court explained, "if the landowner has given any consideration to any person for the improvements, it would not be unjust for him to retain the benefit without paying the furnisher." *Id.* The court added, "Also, we think that before recovery can be had against the landowner on an unjust enrichment theory, the furnisher of the materials and labor must have exhausted his remedies against the person with whom he had contracted, and still has not received the reasonable value of his services." *Id.* However, "a plaintiff

is not required to exhaust all remedies against the party with whom the plaintiff is in privity if the pursuit of the remedies would be futile." *Freeman Indus., LLC v. Eastman Chem. Co.*, 172 S.W.3d 512, 526 (Tenn. 2005).

B.     **The Warranty Deed**

Generally, the court may consider material in the public record without converting a motion to dismiss into a motion for summary judgment. *Bassett*, 528 F.3d at 430. And the property records maintained by the Williamson County Register of Deeds would qualify as public records. *Accord, e.g.*, *Jessup v. Progressive Funding*, 35 F. Supp. 3d 25, 29 n.3 (D.D.C. 2014) (finding documents filed with the D.C. Recorder of Deeds to be public records of which the court could take judicial notice without converting the defendant's motion to dismiss into one for summary judgment).

In this case, Blue Mountain attached to its motion a copy of Warranty Deed with attached Affidavit of Consideration, which together, according to Blue Mountain, establish that a 1/3 interest in the property at issue was conveyed to Blue Mountain on November 7, 2022, after the work performed by the plaintiff was completed, and that substantial consideration was paid in connection with this conveyance. (*See* Doc. No. 30-1, at 9.) Blue Mountain argues, in light of these documents, that it "cannot be indebted to Plaintiff for work that was completed by the Russell Defendants prior to Blue Mountain's purchase of the Property." (*Id.*) It also asserts that, in light of the date of the conveyance of the Property, "no benefit was conferred upon Blue Mountain by the Plaintiff, Blue Mountain has not appreciated any benefit conferred by Plaintiff, and it would be inequitable to require Blue Mountain to pay additional consideration for the Property to a party that it has no relationship with." (*Id.*)

Blue Mountain is correct that, if it purchased the property for consideration after the plaintiff completed improvements to the Property, the unjust enrichment claim against it would fail as a matter of law. *Accord Brewco, LLC v. Scent*, No. E2018-02133-COA-R3-CV, 2019 WL

5566353, at *6 (Tenn. Ct. App. Oct. 29, 2019) (granting summary judgment on unjust enrichment claim where the defendant purchased the property at a foreclosure sale after the plaintiffs made the improvements at issue and, therefore, had "given consideration for the improvements . . . and was not unjustly enriched"); *Bennett v. Visa U.S.A. Inc.*, 198 S.W.3d 747, 756 (Tenn. Ct. App. 2006) ("If a third-party defendant 'has given any consideration to any person' for the benefits received from the plaintiff, there is no injustice in allowing the defendant to retain those benefits without paying the plaintiff.").

The problems confronting Blue Mountain, however, are that (1) the precise date of the plaintiff's completion of the uncompensated work has not been established; and (2) the Warranty Deed attached to Blue Mountain's Motion to Dismiss does not show on its face that it pertains to the property on which the plaintiff performed work. As best the court can tell, it does not state anywhere on it that it relates to the conveyance of the property located at or adjacent to 991 Ellison Way in Thompson Station, Tennessee. Accordingly, the public record does not establish the facts alleged in Blue Mountain's Memorandum in support of its Motion to Dismiss. In considering that motion, the court accepts as true the facts alleged in the Complaint, which states that the work was completed "in the summer and fall" and that Blue Mountain owns the property (or rather, is "believed to be the owner of the property"). (Doc. No. 1 ¶¶ 6, 12.) Blue Mountain is not entitled to dismissal of the Complaint based on this argument.

### C.     Enforcement of a Lien

Blue Mountain also argues that the plaintiff's unjust enrichment claim fails because it has not followed the requirements for preserving or enforcing a lien on the property. This argument fails, too, because there is simply no requirement that the plaintiff take action to enforce its lien rights prior to seeking a monetary judgment against a property owner based on an unjust enrichment theory. *Accord Paschall's*, 407 S.W.2d at 152–53 (rejecting the defendant's argument

that the "right to a mechanic's lien is the sole and exclusive remedy against [it]" and holding that the plaintiff stated a colorable claim under an unjust enrichment theory, despite not having preserved the right to enforce a mechanic's lien).

### D. Exhaustion

Blue Mountain asserts that it is entitled to dismissal of the unjust enrichment claim against it because the plaintiff has not established that it has exhausted its contractual remedies against the Russell defendants before pursuing relief against it. This argument finds more traction.

As set forth above, when the Tennessee Supreme Court recognized the validity of an unjust enrichment claim under Tennessee law, it remarked, "we think that before recovery can be had against the landowner on an unjust enrichment theory, the furnisher of the materials and labor must have exhausted his remedies against the person with whom he had contracted, and still has not received the reasonable value of his services." *Paschall's*, 407 S.W.2d at 155.

More recently, in *Freeman Industries*, the court accepted interlocutory review and affirmed summary judgment for a defendant on an unjust enrichment claim based on the failure to exhaust. In support of summary judgment, the defendants had submitted affidavits that effectively "negated the exhaustion of remedies element of Freeman's unjust enrichment claim," thus shifting the burden to Freeman to present specific facts establishing its efforts to exhaust. *Freeman Indus.*, 172 S.W.3d at 526. Freeman submitted an affidavit that simply stated that it was "not aware of any viable claims" against the entity with which it had privity of contract. *Id.* The court found this insufficient to establish a material factual dispute as to the exhaustion element. *See id.* ("We do not believe, however, that a bare allegation that any attempt to exhaust its remedies against the supermarket would be futile without providing a factual basis to support the allegation is sufficient to establish a disputed issue of material fact as to the exhaustion-of-remedies element of Freeman's unjust enrichment claim against the defendants.").

Following *Freeman*, at least one Tennessee case has held that a plaintiff must plead facts demonstrating exhaustion against the party with whom the plaintiff is in privity of contract before pursuing an unjust enrichment claim against a party with whom he does not have a contract. *See STJ, L.P. v. Frensley*, No. M2021-00920-COA-R3-CV, 2022 WL 17730538, at *3 (Tenn. Ct. App. Dec. 16, 2022) ("Inasmuch as STJ's complaint did not allege exhaustion of remedies or allege that pursuing remedies against Mr. Frensley's estate would be futile, we discern no error in the trial court's dismissal of the unjust enrichment claim." (footnote omitted)), *appeal denied* (Apr. 17, 2023). Federal district court opinions construing Tennessee law have generally followed suit, construing *Freeman* as imposing a pleading requirement. *See, e.g.*, *Kalos, LLC v. White House Vill., LLC*, No. 3:20-cv-00812, 2020 WL 7027502, at *5 (M.D. Tenn. Nov. 30, 2020) (Richardson, J.) (granting Rule 12(b)(6) motion to dismiss unjust enrichment claim in part because the complaint did not indicate that the plaintiff had "exhausted such remedies as required"); *Bristol Pres., LLC v. IGC-Bristol, LLC*, No. 2:16-CV-360-TAV-MCLC, 2017 WL 2773663, at *5 (E.D. Tenn. June 26, 2017) ("[B]ecause plaintiff has neither pled facts indicating either that it has exhausted its remedies against [the entities with which it has a contract], nor indicated that pursuit of such remedies would be futile, plaintiff has failed to plead a plausible claim of unjust enrichment against Knight 39."); *but see Amegy Bank, N.A. v. Deutsche Bank, Ag.*, No. 4:12-CV-23, 2013 WL 12121328, at *9 (E.D. Tenn. Mar. 29, 2013) (although the complaint contained "no information . . . about whether Plaintiff has exhausted its remedies against the party in privity with it," the court, noting that *Freeman* arose in the context of a motion for summary judgment, declined to address exhaustion on a motion to dismiss and stated, "the Court will only review the unjust enrichment claim to determine if there are sufficient facts to satisfy the three elements stated above, acknowledging that the requirement of exhausting remedies is not strictly specified as an element

under Tennessee law and may be better raised as an affirmative defense or argued at the summary judgment stage").

Indeed, consistent with *Amegy*, most Tennessee cases addressing exhaustion in the context of unjust enrichment claims have considered it as a matter to be addressed at trial or on summary judgment. *See, e.g.*, *Anderson Poured Walls, Inc. v. Clark*, No. E2022-01271-COA-R3-CV, 2024 WL 50232, at *4 (Tenn. Ct. App. Jan. 4, 2024) (affirming the trial court's judgment for the defendant on the plaintiff's unjust enrichment claim based on lack of proof of failure to exhaust); *Amsouth Erectors, LLC v. Skaggs Iron Works, Inc.*, No. W2002-01944-COA-R3-CV, 2003 WL 21878540, at *6 (Tenn. Ct. App. Aug. 5, 2003) (affirming summary judgment for the defendant on the plaintiff's unjust enrichment claim for lack of evidence of exhaustion); *Window Gallery of Knoxville v. Davis*, No. 03A01-9906-CH-00225, 1999 WL 1068730, at *3–4 (Tenn. Ct. App. Nov. 24, 1999) (expressly referring to exhaustion as a "defense" and reversing the trial court's judgment for the plaintiff on its unjust enrichment claim, where the plaintiff presented inadequate proof of exhaustion);[1] *Tri-State Crawler Serv., Inc. v. Christian*, No. 2, 1986 WL 8336, at *4 (Tenn. Ct. App. July 31, 1986) (reversing judgment for the plaintiff on an unjust enrichment claim after a trial, finding that the plaintiff failed to present proof of exhaustion).

"Whether or not a plaintiff . . . has exhausted its remedies so as to allow it to pursue an unjust enrichment claim against a [property owner] must be determined by the facts of each

---

[1]In *Window Gallery*, the court, citing another unreported Tennessee Court of Appeals decision, stated: "In another case, this Court explained that the *exhaustion of remedies defense* 'is a judge-made doctrine whose purpose is to winnow out claims that are not ripe for adjudication.'" *Window Gallery*, 1999 WL 1068730, at *3 (quoting *Byrn v. Metro. Bd. of Pub. Educ.*, No. 01-A-019003CV00124, 1991 WL 7806, at *3 (Tenn. Ct. App. Jan. 30, 1991)) (emphasis added). The court in *Byrn* further explained that the "exhaustion defense" "is not intended to test the court's jurisdiction, but rather to test whether the plaintiff has stated a claim upon which relief should be granted" and, therefore, that a motion raising it should be considered "as a Tenn. R. Civ. P. 12.02(6), rather than a Tenn. R. Civ. P. 12.02(1), motion."

individual case." *Window Gallery*, 1999 WL 1068730, at *3. Generally, exhaustion requires actually obtaining a judgment against the party with whom the plaintiff is in privity of contract and concerted efforts to collect on that judgment. *Accord, e.g.*, *Anderson Poured Walls*, 2024 WL 50232, at *4 ("We recognize [the plaintiff's] frustration in this matter but find we must agree with the trial court that only obtaining a default judgment against Lipham without providing proof of the inability to collect upon it is insufficient to establish exhaustion of remedies."); *Amsouth Erectors*, 2003 WL 21878540, at *6 ("[The plaintiff has] filed suit against Skaggs, but that suit is still pending. Accordingly, until such time as [the plaintiff] receives a judgment against Skaggs and is unable to collect upon it, the cause of action against Peabody is premature."); *Window Gallery*, 1999 WL 1068730, at *4 ("The only actions taken by Window Gallery to collect from Davis were to send bills to Davis, to call Davis, and to file suit against Davis . . . . The phrase 'exhaust its remedies' requires more of Window Gallery than it has done here. Window Gallery only has begun to pursue its remedies against Davis rather than having exhausted them.").

In the present case, whether exhaustion is considered a pleading requirement or an affirmative defense on which the defendant bears the burden of proof, it is clear from the face of the Complaint that the plaintiff has not exhausted its remedies against the Russell defendants, given that the Complaint reflects that the plaintiff is suing the Russell defendants at the same time as it sues Blue Mountain. The public docket in this case, of which the court may take judicial notice, establishes that the plaintiff has not obtained a judgment against the Russell defendants, and, therefore, obviously has not attempted to collect on any such judgment. *Accord Bristol Pres.*, 2017 WL 2773663, at *5 ("Indeed, considering that IGC-Bristol and Integrity Golf are also defendants in this case, it appears that plaintiff does not believe that a pursuit of remedies against these entities would be futile."). While the plaintiff alleges that it sent invoices and a formal demand letter to

the Russell defendants, before filing suit, those efforts do not satisfy Tennessee's exhaustion requirement. *See Window Gallery*, 1999 WL 1068730, at *4 (sending bills, calling, and filing suit insufficient to establish exhaustion). While the plaintiff asserts in its Response to Blue Mountain's Motion to Dismiss that pursuit of his remedies against the Russell defendants would be futile, as "there is no proof that [the Russell defendants have] any ability to satisfy the judgment to which the Plaintiff is entitled as is evidenced by the fact that said Defendant[s] [have made no effort to defend [themselves] in this matter" (Doc. No. 30-1, at 5), the plaintiff has not pleaded as much, and, in any event, the fact that his suit against the Russell defendants remains pending cuts against that assertion.

In short, it is clear from the record that the plaintiff has not exhausted its remedies against the Russell defendants, as a result of which the plaintiff's unjust enrichment claim against Blue Mountain must be dismissed as premature.

## IV. CONCLUSION

For the reason set forth herein, defendant Blue Mountain's Motion to Dismiss will be granted, and the unjust enrichment claim against it will be dismissed without prejudice. An appropriate Order is filed herewith.

ALETA A. TRAUGER
United States District Judge